UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Case No. 11-49711 (CEC)

THOMAS F. BELLO,

                              Debtor.
------------------------------------------------------------X
PAUL I. KROHN, as Chapter 7 Trustee,
                                                          Adv. Pro.
                         Plaintiff,

     -against-

JUDITH BELLO, THOMAS F. BELLO, and
387 FOREST AVENUE REALTY CORP.,

                         Defendants.
------------------------------------------------------------X

## COMPLAINT

        Plaintiff, Paul I. Krohn, as Chapter 7 Trustee (the "Trustee") of the bankruptcy

estate of Thomas F. Bello ("Debtor"), the debtor in the above-captioned Chapter 7 case, by his

attorneys, Goldberg Weprin Finkel Goldstein LLP, for his Complaint in the above adversary

proceeding as against Defendant Judith Bello ("Defendant Judith") and Debtor, and Defendant

387 Forest Avenue Realty Corp. ("Defendant 387 Forest") (collectively, "Defendants") alleges as

follows:

        1.      On November 17, 2011 (the "Filing Date"), the Debtor filed a voluntary petition

for relief under Chapter 7 of Title 11 of the Bankruptcy Reform Act of 1978, as amended (the

"Bankruptcy Code").

        2.      On November 17, 2011, Paul I. Krohn was appointed interim trustee for

the bankruptcy estate of the Debtor.

3.      On December 27, 2011, the First Meeting of Creditors, pursuant to 11 U.S.C. §341(a), was held in the Debtor's case, at which time Paul I. Krohn became the permanent trustee of Debtor's bankruptcy estate (the "Trustee").

4.      The Trustee was duly appointed, qualified and acting as trustee of the bankruptcy estate of the Debtor and, as such, is authorized to commence and prosecute this action, pursuant to 11 U.S.C. § 323(b) and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

5.      Defendant Judith is an individual residing, upon information and belief, at 393 Lighthouse Avenue, Staten Island, New York 10306, and upon information and belief is, and at all relevant times was, the wife of Debtor. Upon knowledge, information, and belief, the Defendant Judith is an attorney admitted to practice law in the State of New York.

6.      Defendant 387 Forest is a corporation organized under the laws of the State of New York and maintains an office at 393 Lighthouse Avenue, Staten Island, New York 10306.

## LEGAL BASIS FOR COMPLAINT

7.      This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 105, 541(a), 542, 544, 548, 550(a), 551, Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7001(1), (4), and (9), and New York Debtor and Creditor Law ("DCL") §§ 273, 273-a, 274, 275, 276, 276-a, 278, and 279. The jurisdictional predicate for this proceeding is 28 U.S.C. §§ 157(b)(2)(A), (J), and (0). In the event that this Court determines that any cause of action set forth herein is not a core proceeding, Trustee consents to the issuance by this Court of final conclusions of law and findings of fact with respect to each such cause of action.

## BACKGROUND

8.      The Debtor, upon knowledge, information, and belief at all relevant times, was a shareholder, officer and director of the defendant, 387 Forest, a corporation which owned real property at 387 Forest Avenue, Staten Island, New York 10301 (the "Real Property").

9.      Upon knowledge, information, and belief, the Debtor is a disbarred attorney who has consented to have his discharge denied.

10.     Upon knowledge, information and belief, the Debtor and his wife, the Defendant Judith acquired Real Property on July 31, 1990.

11.     Upon knowledge, information, and belief, the Debtor and the Defendant Judith transferred the Real Property to the Defendant 387 Forest on or about January 4, 1994.

12.     On September 30, 2011, the Defendant 387 Forest sold the Real Property CWW Realty LLC in consideration of the sum of FOUR HUNDRED AND NINETY TWO THOUSAND FIVE HUNDRED ($492,500.00) DOLLARS.

13.     Upon knowledge, information, and belief, the Debtor owned all or part of the equity of 387 Forest. The assessment records reflect that the Debtor was the contact person for the corporation and the New York State Division of Corporations entity information sheets reflect that the Debtor is the Chairman or Chief Executive Officer of the defendant 387 Forest.  Annexed hereto as Exhibit "A" is a copy of the entity information sheet taken from the New York State website.

14.     Upon knowledge, information and belief, the Debtor legally or beneficially owned at least a fifty percent equity interest in the Defendant 387 Forest at the time it was sold which was less than two months prior to the Filing Date.

3

## COUNT I
## TURNOVER AND ACCOUNTING FROM
## JUDITH AND 387 FOREST
## PURSUANT TO 11 U.S.C. § 542

15.     The Trustee repeats and realleges that the allegations in Paragraphs "1" through "14" as though more fully set forth at length herein.

16.     The Defendants 387 Forest and Judith must provide the Trustee with an accounting of all proceeds from the sale of the Real Property owned by the Defendant 387 Forest and must turn over the net proceeds of the sale to the extent that all or any part of the net proceeds of the sale rightfully belong to the Debtor.

## COUNT II
## AGAINST DEFENDANT JUDITH
## (FRAUDULENT CONVEYANCE –
## 11 U.S.C. § 544(b) and DCL § 274
## (Conveyances By Person and Business)

17.     The Trustee repeats and realleges the allegations contained in Paragraphs "1" through "16".

18.     Upon knowledge, information and belief, the Debtor transferred his equity interest in the Defendant 387 Forest to Judith (the "Transfer") without consideration or without adequate and/or fair consideration.  The Debtor made the Transfer while engaged, or about to engage in a business or transaction for which the property remaining in his hand after the conveyance constituted an unreasonably small capital.

19.     By reason of the foregoing, pursuant to DCL § 274, the Transfer was fraudulent as to both present and future creditors of the Debtor.

4

20.    At the time of the Transfer, Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the Transfer pursuant to DCL §§ 275 and 278(1).

21.    At the time of the Transfer, Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the Transfer pursuant to DCL §§ 275 and 279(c).

22.    By reason of the foregoing, the Trustee is entitled to judgment declaring the Transfer avoided, pursuant to 11 U.S.C. § 544(b).

**COUNT III**
**AGAINST DEFENDANT JUDITH**
**(FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(b)**
**and DCL §§ 275, 278 and 279)**
**(Conveyances by Person About to Incur Debts)**

23.    The Trustee repeats and realleges the allegations contained in Paragraphs "1" through "22".

24.    Upon information and belief, at the time of the Transfer, Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

25.    By reason of the foregoing, pursuant to DCL § 275 the Transfer was fraudulent as to both present and future creditors of Debtor.

26.    At the time of the Transfer, Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the Transfer, pursuant to DCL §§ 275 and 278(1).

27.    At the time of the Transfer, Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the Transfer, pursuant to DCL §§ 275 and 279(c).

28.     By reason of the foregoing, pursuant to DCL §§ 275, 278 and 279, and 11 U.S.C. § 544(b), the Trustee may avoid the Transfer.

29.     By reason of the foregoing, the Trustee is entitled to judgment declaring the Transfer avoided, pursuant to 11 U.S.C. § 544(b).

### COUNT IV
### AGAINST DEFENDANT JUDITH
### (FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(b)
### and DCL §§ 276, 276-a, 278 and 279)
### (Conveyance with Intent to Defraud/Attorney's Fees)

30.     The Trustee repeats and realleges the allegations contained in Paragraph "1" through "29".

31.     Upon information and belief, the Transfer was made with actual intent to hinder, delay, or defraud either present or future creditors.

32.     By reason of the foregoing, pursuant to DCL § 276, the Transfer was fraudulent as to both present and future creditors of the Debtor.

33.     At the time of the Transfer, Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the Transfer, pursuant to DCL § 278(1) and DCL § 276.

34.     At the time of the Transfer, Debtor had creditors with unmatured unsecured claims allowable under U.S.C. 11 § 502, which creditors would have been entitled to avoid the Transfer, pursuant to DCL § 279(c) and DCL § 276.

35.     By reason of the foregoing and DCL §§ 276, 278 and 279, and 11 U.S.C. § 544(a), the Trustee may avoid the Transfer.

36.     By reason of the foregoing, the Trustee is entitled to judgment declaring the Transfer avoided, pursuant to 11 U.S.C. § 544(b).

37.    By reason of the foregoing, pursuant to 11 U.S.C. § 544 and DCL § 276-a, the Trustee is entitled to recover against Defendant Judith, as the transferee of Debtor, judgment for the Trustee's reasonable attorneys' fees in this adversary proceeding in an amount to be determined by the Court.

**COUNT V**
**AGAINST DEFENDANT JUDITH**
**(FRAUDULENT TRANSFER - 11 U.S.C. § 548(a)(1)(A)**
**(Transfer with Actual Intent to Defraud)**

38.    The Trustee repeats and realleges the allegations contained in Paragraph "1" through "37".

39.    The Transfer occurred within two (2) years prior to the Filing Date.

40.    Upon information and belief, the Transfer was made with actual intent on the part of the Debtor, as transferor, to hinder, delay and defraud creditors for purposes of 11 U.S.C. § 548(a)(1)(A).

41.    The Transfer was not received by Defendant Judith in good faith.

42.    By reason of the foregoing, the Trustee is entitled to judgment declaring the Transfer avoided, pursuant to 11 U.S.C. § 548(a)(1)(A).

**COUNT VI**
**AGAINST DEFENDANT JUDITH**
**(FRAUDULENT TRANSFER - 11 U.S.C. § 548(a)(1)(B)**
**(Constructive Fraud)**

43.    The Trustee repeats and realleges the allegations contained in Paragraph "1" through "42".

44.    Upon information and belief, Defendant Judith did not provide reasonably equivalent value to the Debtor in exchange for the Transfer.

45.    Additionally, at the time of the Transfer, the Debtor was insolvent, undercapitalized or intended to incur, or believed he would incur, debts beyond its ability to pay such debts as they matured.

46.    By reason of the foregoing, the Trustee is entitled to judgment declaring the Transfer avoided, pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT VII
## AGAINST DEFENDANT JUDITH
## (FRAUDULENT TRANSFER - 11 U.S.C. § 550(a)
## (Recovery of Avoided Transfer)

47.    The    Trustee    repeats    and    realleges    the    allegations    contained    in Paragraph "1" through "46".

48.    By reason of the foregoing, the Trustee is entitled judgment against Defendant Judith pursuant to Section 550 of the Bankruptcy Code for the amount of the Transfer, together with applicable interest.

## COUNT VIII
## AGAINST DEFENDANT JUDITH
## (UNJUST ENRICHMENT/CONSTRUCTIVE TRUST - 11 U.S.C. § 105(a))

32.    The    Trustee    repeats    and    realleges    the    allegations    contained    in Paragraph "1" through "48".

39.    As a consequence of the Transfer, Defendant Judith, was unjustly enriched and received thereby, in defraud of the Debtor's creditors ownership of all of the capital stock of the Defendant 387 Forest.

40.    By reason of the foregoing, the Trustee is entitled to judgment against Defendant Judith, in an amount to be determined by the Court, together with interest thereon from the date of the sale, and the imposition of a constructive trust for the benefit of the Debtor's bankruptcy estate over

the net proceeds of the Real Property, together with any other proceeds derived therefrom, which are or were in the possession, custody or control of Defendant Judith.

**WHEREFORE,** the Trustee demands judgment against Defendants as follows:

(i)    On COUNT I, against the Defendant Judith for an accounting of all funds realized and disbursed in connection with the sale of the Real Property and for a turnover of the net proceeds of the sale of the Real Property to the extent determined by this Court;

(ii)    On COUNTS II through VII, against Defendant Judith, declaring the Transfer avoided and pursuant to 11 U.S.C. § 550(a), directing Defendant Judith to deliver to the Trustee the net proceeds of the sale of the Real Property, or in the alternative, for judgment against Defendant Judith for the value thereof, as determined by the Court, together with interest thereon from the date of the sale of the Real Property along with attorneys' fees as determined by this Court;

(iii)    On COUNT VIII, against Defendant Judith, pursuant to 11 U.S.C. § 105(a), in the amount of the net proceeds of the sale of the Real Property with interest thereon from the date of the sale of the Real Property; and

(iv)    For the costs and disbursements of this action.

Dated:  New York, New York
        November 15, 2013

Yours, etc.,

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
Attorneys for Trustee
1501 Broadway - 22nd Floor
New York, New York 10036
By: _____
Neal M. Rosenbloom

x:\gwfg\new data\dominique\word\clients\krohn, paul\thomas f. bello (#kropa.32254)\complaint (11-15-13) (v2).docx

# EXHIBIT A

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 1, 2013.

Selected Entity Name: 387 FOREST AVENUE REALTY CORP.
Selected Entity Status Information
**Current Entity Name:** 387 FOREST AVENUE REALTY CORP.
**DOS ID #:** 1779719
**Initial DOS Filing Date:** DECEMBER 14, 1993
**County:** RICHMOND
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
387 FOREST AVENUE REALTY CORP.
393 LIGHTHOUSE AVE
STATEN ISLAND, NEW YORK, 10306
**Chairman or Chief Executive Officer**
THOMAS F BELLO
393 LIGHTHOUSE AVE
STATEN ISLAND, NEW YORK, 10306
**Principal Executive Office**
387 FOREST AVENUE REALTY CORP.
393 LIGHTHOUSE AVE
STATEN ISLAND, NEW YORK, 10306
**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers.

directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by <u>viewing the
certificate.</u>

### *Stock Information

**# of Shares  Type of Stock  $ Value per Share**

200        No Par Value

*Stock information is applicable to domestic business corporations.

### Name History

**Filing Date  Name Type          Entity Name**

DEC 14, 1993  Actual      387 FOREST AVENUE REALTY CORP.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us