UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re

                                              Chapter 7

Thomas F. Bello,                          Case No. 11-49711-CEC

                       Debtor.
----------------------------------------------------------------X
Paul Krohn as Chapter 7 Trustee,

                       Plaintiff,

-against-                                Adv. Pro. No. 13-1522-CEC

Judith Bello, Thomas F. Bello, and 387 Forest
Avenue Realty Corp.,

                       Defendants.
----------------------------------------------------------------X


<u>DECISION</u>


Appearances:

| | |
|---|---|
| J Ted Donovan | Kevin B. Zazzera |
| Neal M. Rosenbloom | 182 Rose Avenue |
| Goldberg Weprin Finkel Goldstein LLP | Staten Island, NY 10306 |
| 1501 Broadway, 22nd Floor | *Attorney for Judith Bello and Thomas F.* |
| New York, NY 10036 | *Bello* |
| *Attorneys for Paul Krohn* | |
| | John W. Zaccone |
| | 2141 Richmond Road |
| | Staten Island, NY 10306 |
| | *Proposed Attorney for Judith Bello and* |
| | *Thomas F. Bello* |


CARLA E. CRAIG
Chief United States Bankruptcy Judge

This adversary proceeding was brought by Paul Krohn (the "Trustee"), the trustee in the chapter 7 bankruptcy of Thomas F. Bello (the "Debtor"), against Judith Bello, the Debtor's wife ("Ms. Bello"), to recover for the estate proceeds from the sale of real property allegedly fraudulently transferred by the Debtor and Ms. Bello prior to the bankruptcy.  During the course of the bankruptcy case and this adversary proceeding, Ms. Bello failed to attend a Bankruptcy Rule 2004 examination, failed to attend three scheduled Fed. R. Civ. P. 34 depositions, failed to obey court orders pertaining to discovery, and failed to respond to multiple document requests. The Trustee moved for monetary sanctions pursuant to Fed. R. Civ. P. 37(d)(3) and for entry of a default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).  The Court granted the Trustee's unopposed motion for monetary sanctions against Ms. Bello and directed the Trustee to settle an affidavit on Ms. Bello that outlined the fees and expenses that were caused by Ms. Bello's failures.  Ms. Bello opposes the Trustee's fee request, and argues that she should only be responsible for $1,713.00 of the $16,240.00 in fees and expenses requested, representing what Ms. Bello asserts are the fees caused by her failures.

For the following reasons, the Court issues monetary sanctions against Ms. Bello for her failure to provide discovery in this adversary proceeding and the related bankruptcy proceeding, and directs her to pay $14,161.00 to the Trustee.  If the Trustee does not receive this payment by May 1, 2015, he may file an affidavit of non-compliance, and a default judgment may be entered against Ms. Bello in the adversary proceeding.  To be clear, the entry of a default judgment would not relieve Ms. Bello of her obligation to pay the monetary sanctions to the Trustee.

## **JURISDICTION**

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as

amended by order dated December 5, 2012.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (H).  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## BACKGROUND

On November 17, 2011, the Debtor, who was, at that time, a lawyer, filed for bankruptcy protection under chapter 7 of the Bankruptcy Code.  On July 31, 2012, the United States Trustee filed an adversary proceeding (Case No. 12-01228) against the Debtor seeking to revoke his discharge under § 727(a)(3), (a)(5), and (a)(6), based on the Debtor's failure to preserve records, satisfactorily explain the deficiency in his assets to meet his liabilities, and failure to obey an order of the Court.  The Debtor and the United States Trustee settled the adversary proceeding, and on October 5, 2012, the Court so-ordered a stipulation between the Debtor and the United States Trustee pursuant to which the adversary proceeding was dismissed and the Debtor waived his right to a discharge.  (Case No. 11-49711 ECF No. 38.)

Three months later, on January 18, 2013, the Trustee filed a notice of discovery of assets. (Case No. 11-49711 ECF No. 44.)  In May 2013, the Trustee filed a motion pursuant to Bankruptcy Rule 2004 for an order authorizing the production of documents and testimony from Ms. Bello, who is a lawyer (the "2004 Motion").  (2004 Motion 1, Case No. 11-49711 ECF No. 51.)  The Trustee sought information from Ms. Bello about the corporation that she and her husband owned and that sold its interest in real property at 387 Forest Avenue, Staten Island, New York (the "Property"), in September 2011.  (2004 Motion 3, Case No. 11-49711 ECF No. 51.)  On June 18, 2013, the Court granted the 2004 Motion and issued an order directing Ms. Bello to produce documents to the Trustee, including her pre-petition federal and state tax returns and corporate records relating to the transfer of the Property, and to appear at an

examination by the Trustee within 30 days (the "2004 Order").  (2004 Order, Case No. 11-49711

ECF No. 52.)  Ms. Bello did not produce documents and did not appear for examination by the

Trustee.  (Motion to Compel 3, ECF No. 11.)[1]

On November 15, 2013, the Trustee filed this adversary proceeding against the Debtor,

Ms. Bello, and 387 Forest Avenue Realty Corp., based on the alleged fraudulent transfer of the

Property, and demanding, among other things, that Ms. Bello provide an accounting of all the

funds realized in connection with the sale of the Property and turn over all sale proceeds.

(Complaint, ECF No. 1.)  On March 25, 2014, the Court issued a scheduling order directing the

Debtor and Ms. Bello to provide the Trustee with all documentation in their possession relating

to the sale of Property, including all closing statements, attachments, and checks issued in

connection with the sale, and directing Ms. Bello to appear before the Trustee for a deposition on

April 3, 2014.  (ECF No. 7.)  Ms. Bello did not appear at the April 2014 deposition.

On April 17, 2014, the Court held a pre-trial conference at which the Trustee stated that

he had not yet deposed Ms. Bello and that he received incomplete documents from her.  (Apr. 17

2014 Tr. 4:5-5:21, ECF No. 31.)  The Trustee had requested, among other things, a copy of the

closing statement for the sale of the Property and tax returns for 387 Forest Avenue Realty Corp.

from 2005 to 2011.  (Apr. 17 2014 Tr. 4:12-5:21, ECF No. 31.)  However, Ms. Bello only

provided part of the closing statement and part of the tax returns, and provided the contact

information for her attorney who handled the closing, John Gulino.  (Apr. 17 2014 Tr. 4:12-5:21,

ECF No. 31.)  The Trustee planned to subpoena the Mr. Gulino, as well as the Bellos's

_____

[1] Unless otherwise indicated, citations to "ECF No." are to papers filed on the docket of this adversary proceeding,
Case Number 13-1522-CEC.

accountant, in order to complete his document requests.  (Apr. 17 2014 Tr. 4:12-5:21, ECF No. 31.)

The Trustee subpoenaed Mr. Gulino and the Bellos's accountant, and on June 2, 2014, Mr. Gulino filed a letter on the docket, addressed to the Trustee's counsel, requesting until June 10, 2014, to respond to the subpoena.  (ECF No. 8.)  On June 19, 2014, the Court held another pre-trial conference at which the Trustee stated that he received documents from the accountant but not Mr. Gulino, and that they were working on issues relating to the subpoena including whether the information requested was protected by the attorney-client privilege.  (June 19, 2014 Tr. 5:9-6:18, ECF No. 32.)  On October 14, 2014 the Court held another pre-trial conference at which the Trustee stated that Mr. Gulino provided the requested documents to the Trustee, and that the only outstanding discovery request was the deposition of Ms. Bello which was scheduled for November 25, 2014.  (Oct. 14, 2014 Tr. 5:7-6:6, ECF No. 33.)

Ms. Bello never appeared for her deposition on November 25, 2014.  (Motion for Default Judgment ¶ 21, ECF No. 17.)  Several days before the scheduled deposition, Ms. Bello's counsel contacted the Trustee, told him that Ms. Bello was suffering from an anxiety disorder, and sent him a letter from Ms. Bello's doctor regarding Ms. Bello's condition.  (Motion for Default Judgment ¶ 20, ECF No. 17.)  On December 30, 2014, the Trustee filed a motion to compel the deposition of Ms. Bello and for monetary sanctions under Rule 37(d)(3) (the "Motion to Compel").  (ECF No. 11.)  The Motion to Compel was unopposed, and on January 22, 2015, the Court held a hearing on the Motion to Compel at which Ms. Bello's counsel appeared and stated that he did not oppose the entry of an order directing Ms. Bello to attend a deposition on February 18, 2015.  (Jan. 22, 2015 Tr. 4:12-5:6, ECF No. 34.)  The Court granted the Motion to Compel in part, directed the Trustee to settle an order directing Ms. Bello to appear for a

deposition, and adjourned the part of the Motion to Compel that sought monetary sanctions. On February 6, 2015, the Court issued an order directing Ms. Bello to appear at a deposition on February 18, 2015. (ECF No. 15.)

Ms. Bello did not appear for the February 2015 deposition, and on March 4, 2015, the Trustee filed a motion for default judgment and for monetary sanctions under Rule 37(d)(3) (the "Motion for Default Judgment"). (ECF No. 17.) The Motion for Default Judgment was unopposed, and on March 17, 2015, the day of the hearing, Ms. Bello filed a letter requesting a 30 day stay of the adversary proceeding so that she could retain new counsel. (ECF No. 20.) In the letter, Ms. Bello stated that her attorney did not keep her fully informed of the status of the adversary proceeding, that she only learned of her February 18 deposition on February 17, and that she did not attend because "it was not prudent for [her] to attend so unprepared." (ECF No. 20.) At the hearing on March 17, 2015, absent any written opposition, the Court granted in part the Motion for Default Judgment. On March 20, 2015, the Court issued an order directing Ms. Bello to appear for a deposition on April 8, 2015 and directing that if Ms. Bello fails to appear the Court may grant the Motion for Default Judgment. (ECF No. 22.) On March 20, 2015, the Court issued an order awarding monetary sanctions against Ms. Bello for the fees and expenses incurred as a result of her failure to attend the scheduled depositions and provide documents to the Trustee, and directing the Trustee to settle an affidavit attaching time records relating to his efforts to obtain discovery from Ms. Bello. (ECF No. 23.)

On March 19, 2015, the Trustee filed his affidavit in support of his sanctions award that outlined $16,240.00 in fees and expenses as a result of Ms. Bello's failure to provide discovery (the "Fee Affidavit"). (Fee Affidavit, ECF No. 21.) On March 27, 2015, Ms. Bello filed an objection to the Fee Affidavit (the "Objection"). (Objection, ECF No. 28.) On March 27, 2015,

the Trustee filed a reply to the Objection.  (ECF No. 29.)  On April 2, 2015, Ms. Bello filed a

motion for permission to file a surreply.  (ECF No. 36.)  For reasons that will be discussed

below, Ms. Bello's request to file a surreply is denied.

## LEGAL STANDARD

Bankruptcy Rule 2004 allows the Court, "on motion of any party in interest" to "order the

examination of any entity."  Fed. R. Bankr. P. 2004(a).  "Rule 2004 discovery is broader than

discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards.  It

can be legitimately compared to a fishing expedition."  In re Drexel Burnham Lambert Grp., Inc.,

123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).  "The purpose of such a broad discovery tool is to

assist the trustee in revealing the nature and extent of the estate; ascertaining assets; and

discovering whether any wrongdoing has occurred."  In re Corso, 328 B.R. 375, 383 (E.D.N.Y.

2005).

Rule 7037, on the other hand, "invoke[s] the requirements of Fed. R. Civ. P. 37 in

adversary proceedings and contested matters and provide[s] for cost-shifting in the context of

discovery disputes."  In re Ambotiene, 316 B.R. 25, 34-35 (Bankr. E.D.N.Y. 2004).  Under Fed.

R. Civ. P. 37(d), the court may order sanctions if a party "fails, after being served with proper

notice, to appear for that person's deposition," or if "a party, after being properly served with . . .

a request for inspection under Rule 34, fails to serve its answers, objections, or written

response."  Fed. R. Civ. P. 37(d)(1)(A).  Sanctions may not be warranted if "the moving party

did not first make a good faith effort to obtain the discovery without court action, the opposing

party's position was substantially justified, or other circumstances would make an award of costs

unjust."  Ambotiene, 316 B.R. at 35.  "Sanctions may include . . . the reasonable expenses,

including attorney's fees, caused by the failure . . . ."  Fed. R. Civ. P. 37(d)(3).  "The purpose of

these Rules is at least two-fold: first, to discourage unnecessary discovery disputes; and second, to encourage the resolution of discovery disputes outside of court proceedings when they do arise." Ambotiene, 316 B.R. at 35.

Fed. R. Civ. P. 34, applicable in this adversary proceeding pursuant to Rule 7034, provides that, on request, a party is required to produce documents "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  "Control for the purposes of discovery is broadly defined, and includes situations where the party 'has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.'" Raimey v. Wright Nat. Flood Ins. Co., No. 14-CV-00461, 2014 WL 7399179, at *14 (E.D.N.Y. Dec. 31, 2014) (quoting Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y.1992)).

"Rule 2004 examinations are . . . not generally permitted once an adversary proceeding has been filed, as . . . Bankruptcy Rules 7026 through 7037, which are modeled on Fed. R. Civ. P. 26-37, then apply."  In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Nevertheless, sanctions may be imposed against a party to an adversary proceeding for failure to appear at a Rule 2004 examination in the main case.  This is because, in addition to the bankruptcy court's authority to sanction under Fed. R. Civ. P. Rule 37, "it has long been recognized that a bankruptcy court, like all federal courts, has the inherent authority to . . . impose sanctions on parties and professionals that appear before it."  In re Khan, 488 B.R. 515, 528 (Bankr. E.D.N.Y. 2013).  Further, "The guidelines provided by Rule 37(d) may . . . shape the court's determination of sanctions pursuant to its inherent powers."  Pereira v. Felzenberg, No. 96 CIV. 7957, 1997 WL 698186, at *5-6 (S.D.N.Y. Nov. 7, 1997) (holding that the bankruptcy court had inherent authority to sanction individuals, who were parties to the

adversary proceeding but not the related bankruptcy proceeding, for their failure to appear at Rule 2004 examinations in the related bankruptcy proceeding); see also In re Nicole Energy Servs., Inc., 356 B.R. 786 n.1 (B.A.P. 6th Cir. 2007) ("When considering an award of sanctions pursuant to its inherent powers . . . a bankruptcy court may look to Rule 37 as a guide to determine the proper level of response to the contemnor's offense.").

## DISCUSSION

The Trustee seeks reimbursement of his legal fees and expenses for preparing the 2004 Motion and for preparing a contempt motion based on Ms. Bello's failure to appear at the 2004 examination, which was never filed.  (Fee Affidavit Ex. A, ECF No. 21.)  The Trustee also seeks reimbursement of his legal fees and expenses for preparing the notice to take Ms. Bello's deposition in March 2014 and related request for documents; communicating with Ms. Bello's counsel regarding Ms. Bello's failure to appear at the March 2014 deposition and to respond to the document requests; preparing and serving subpoenas on the Bellos's accountant and lawyer; communicating during October 2014 with Ms. Bello's counsel regarding acceptable deposition dates; preparing the Motion to Compel; preparing for the court ordered deposition of Ms. Bello scheduled for February 2015 that did not occur; and preparing the Motion for Default Judgment after Ms. Bello failed to appear at the February 2015 deposition.  (Fee Affidavit Ex. A, ECF No. 21.)  In total, the Trustee seeks $15,850.00 in fees and $390.00 in expenses.  (Fee Affidavit 3, ECF No. 21.)

Ms. Bello opposes paying fees that were "ordinary and necessary" and that did "not involve any delay caused by" Ms. Bello.  (Objection 2, ECF No. 28.)  Ms. Bello argues that the Trustee should only be reimbursed for fees and expenses arising out of Ms. Bello's failure to appear at the February 2015 deposition and in preparing the Motion for Default Judgment,

which, according to Ms. Bello, amount to $1,713.00.  (Objection 2, ECF No. 28.)  Ms. Bello also argues, in substance, that her failures to appear at the depositions and produce documents were substantially justified because she "relied upon [her] attorney and [her] husband to inform [her] of what [she] needed to do and when [she] needed to do it with regard to this case," and that her husband and her attorney failed to keep her informed.  (Objection 3, ECF No. 28.)

As discussed above, Rule 37 sanctions may be warranted against Ms. Bello, as a party to this adversary proceeding, to the extent that she failed to appear for her deposition or failed to respond to document requests, and may include the reasonable expenses, including attorney's fees, "caused by the failure."  Fed. R. Civ. P. 37.  In addition, the Court has inherent authority to sanction Ms. Bello for her failure to appear at the Rule 2004 examinations in the related bankruptcy proceeding.  See Khan, 488 B.R. at 528; Felzenberg, 1997 WL 698186, at *5-6. Therefore, to the extent that the Trustee's requested fees and expenses were caused by Ms. Bello's failure to respond to document requests, appear at her 2004 examination, or appear at scheduled depositions in this adversary proceeding, and to the extent that the fees are reasonable and the failure was not substantially justified, the Court may award monetary sanctions to the Trustee.

Here, the Trustee's counsel filed a sworn statement detailing his good faith attempts to examine Ms. Bello and obtain documents from her over two years.  (Fee Affidavit, ECF No. 21.) Therefore, the requirement of Fed. R. Civ. P. 37(d)(1)(B), that "A motion for sanctions for failing to . . . respond must include a certification that the movant has in good faith . . . attempted to confer with the party failing to act in an effort to obtain the . . . response without court action," is met.  Further, there is nothing in the record to support the conclusion that Ms. Bello's failure to appear for examinations or produce documents was "substantially justified."  Ms. Bello's

argument, that her failures to respond to the multiple deposition notices and document requests were substantially justified because they were caused by the failure of her attorney to notify her, must be rejected because "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 396, (1993). Nor may Ms. Bello point to her husband's alleged failure to inform her of her obligations in the bankruptcy case and adversary proceeding as justification for her repeated failures to comply with her discovery obligations. If Ms. Bello, who is a lawyer, chose to rely on her husband in this regard, she must bear the consequence of that choice.

To the extent that Ms. Bello argues that her failure to produce documents to the Trustee was substantially justified because the Trustee could have obtained the documents from her accountant and lawyer, this argument must be rejected. Ms. Bello produced neither complete records of her pre-petition federal and state tax returns nor complete corporate records relating to the transfer of the Property. Instead, Ms. Bello responded that she was not in possession of all of the documents. (Motion to Compel Ex. E, ECF No. 11.) Because the documents in question were in the possession of Mr. Gulino and the Bellos's accountant, they were in Ms. Bello's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); see De Vos v. Lee, No. 07-CV-804, 2008 WL 2946010, at *1 (E.D.N.Y. July 29, 2008) ("documents in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery."). Because the documents were in Ms. Bello's control, she was required to produced them, and the Trustee should be reimbursed for his fees and expenses incurred in obtaining the documents from third parties.

However, some of the work for which the Trustee seeks reimbursement was not caused by Ms. Bello's failure to appear at a deposition or to produce documents. The Trustee seeks

$841.50 in fees, for work done between May 20, 2013 and June 20, 2013, in preparing the 2004 Motion and communicating with Ms. Bello regarding the 2004 Order.  (Fee Affidavit Ex. A, ECF No. 21.)  Because this work was done prior to Ms. Bello's failure to comply with the 2004 Order, it was not caused by the failure, and therefore the Trustee's request for fees and expenses will be reduced by $841.50.  Further, as to some of the legal work for which the Trustee seeks reimbursement, the record does not support the conclusion that the charges were reasonably incurred.  The Trustee seeks $1,237.50 in fees, for work done between November 8, 2013 and November 13, 2013, in preparing a motion to hold Ms. Bello in contempt of the 2004 Order. Given that a motion to hold Ms. Bello in contempt was never filed — the Trustee instead commenced an adversary proceeding and opted to seek discovery through the Part VII rules — the record is insufficient to conclude that these expenses were reasonable.  Accordingly, the Court will reduce the fee request by an additional $1,237.50.  All of the fees incurred in connection with the remaining discovery sought in the bankruptcy proceeding and the adversary proceeding are compensable because none of the work would have been needed if Ms. Bello complied with the 2004 Order, the scope of which encompassed all of the documents sought by the Trustee in the adversary proceeding.[2]  In total, therefore, the Trustee's fee request will be reduced by $2,079.00.

Finally, Ms. Bello's motion for leave to file a surreply is denied and the motion will be marked off the Court's calendar.  "[T]he decision to permit a litigant to submit a surreply is a matter left to the Court's discretion . . . ."  <u>Kapiti v. Kelly</u>, No. 07 CIV. 3782, 2008 WL 754686,

---

[2] The Fee Affidavit includes six time entries by attorney "JB," the billing attorney with the lowest hourly rate, that include time spent in office conferences.  These expenses are reasonable because only the lowest billing attorney charged for time spent in office conferences, the total amount of conference time is approximately two hours, and it is not inappropriate for a lower billing attorney to confer with a higher billing attorney so that work can be completed at a lower hourly rate.

at *1 n.1 (S.D.N.Y. Mar. 12, 2008).  Neither the Federal Rules of Civil Procedure nor the Local

Rules of this Court authorize litigants to file surreplies.  Here, Ms. Bello was represented by

counsel when the Trustee filed the Motion to Compel and Motion for Default Judgment, she

failed to file an objection to either motion, and the record on the Motion to Compel was closed at

the time the hearing was held.  There is no need for further supplemental briefing on the issue of

the sanctions award, and Ms. Bello has not stated grounds to permit a surreply.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court directs Ms. Bello to pay $14,161.00 to the Trustee,

representing attorneys' fees of $13,771.00, and costs of $390.00.  If the Trustee does not receive

this payment by May 1, 2015, he may file an affidavit of non-compliance, and a default

judgment may be entered against Ms. Bello in the adversary proceeding.  The entry of a default

judgment would not relieve Ms. Bello of her obligation to pay the monetary sanctions to the

Trustee.  The Court will issue a separate order.



**Dated: Brooklyn, New York**
**April 10, 2015**

**Carla E. Craig**
**United States Bankruptcy Judge**